# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLORADO

| | |
|---|---|
| GIBRIL K. KARGBO (A# 203 231 999),<br><br>  8500 E. Mississippi<br>  Denver, CO 80247<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration Services<br>        425 I. Street, N.W., Room 6100<br>        Washington, D.C. 20536<br><br>KEVIN MCALEENAN, Secretary of the Department of Homeland Security,<br><br>Serve:  Office of the General Counsel<br>        Department of Homeland Security<br>        Mail Stop 3650<br>        Washington, D.C. 20528<br><br>WILLIAM P. BARR, Attorney General of the United States,<br><br>Serve: William P. Barr<br>       Attorney General<br>       Department of Justice<br>       950 Pennsylvania Ave., NW<br>       Washington, D.C. 20530<br><br>KENNETH T. CUCCINELLI, Director of the U.S. Citizenship & Immigration Services, | Case No. 1:19-cv-1703 |

Serve: U.S. Citizenship & Immigration
Services
425 I. Street, N.W., Room 6100
Washington, D.C. 20536

ANDREW LAMBRECHT, Director of the Denver Field Office of the United States Citizenship and Immigration Services,

Serve: Mr. Andrew Lambrecht
USCIS
12484 E. Weaver Pl.
Centennial, CO 80111

and

CHRISTOPHER WRAY, Director of the Federal Bureau of Investigation,

Serve: Christopher Wray
FBI Headquarters
935 Pennsylvania Ave., NW
Washington, DC 20535-0001

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLANTIFF'S APPLICATION FOR NATURALIZATION

COMES NOW Plaintiff Gibril Kargbo to respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed application for naturalization.

1.     Plaintiff is a law-abiding, long-time resident of the United States who meets the statutory criteria to be naturalized as an American citizen.

2.     Plaintiff resides in Denver, Colorado.  He previously resided in Katy, Texas.

3.     Plaintiff is a citizen of Sierra Leone.

4.     Plaintiff became a lawful permanent resident on October 27, 2011 based on his

2

marriage to a U.S. citizen.

5. Plaintiff filed a timely N-400 Application for Naturalization on January 20, 2017.

6. Plaintiff thereafter completed his biometrics (photographing and fingerprinting) at the Houston USCIS field office on February 14, 2017.

7. Plaintiff's case has been pending for **over two years.**

8. Plaintiff has made repeated requests to USCIS to have the case finally adjudicated. None of these efforts have resulted in movement on the case.

9. Plaintiff brings this action to compel the USCIS to finally adjudicate the pending application for naturalization as required by law.

10. The Constitution expressly assigns to Congress, not the executive branch, the authority to establish uniform rules of naturalization. The Immigration and Nationality Act ("INA") sets forth such rules.

11. When these rules and requirements have been met, as they have been in Plaintiff's cases, USCIS is obligated to grant citizenship.

## PARTIES

12. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the legal provisions governing applications for citizenship and conducting background and security checks.

13. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "USCIS") is the component of the DHS that is responsible for processing petitions applications for citizenship by immigrants such as Plaintiff.

14. Defendant Kevin McAleeanan, the Secretary of the DHS, is the highest ranking

3

official within the DHS.  McAleenan, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  McAleenan is sued in his official capacity as an agent of the government of the United States.

15. Defendant Kenneth T. Cuccinelli, Director of the USCIS, is the highest ranking official within the USCIS.  Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cuccinelli is sued in his official capacity as an agent of the government of the United States.

16. Defendant Andrew Lambrecht, Director of the Denver Field Office of the USCIS, is the highest ranking official within the Denver Office.  The Denver Field Office has jurisdiction over applications for naturalization for immigrants in portions of the State of Colorado, including Loveland, where Plaintiff resides.  Lambrecht is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Lambrecht is sued in his official capacity as an agent of the government of the United States.

17. Defendant Christopher Wray is the Director of the Federal Bureau of Investigation and he is sued only in his official capacity, as well as his successors and assigns.  The FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535.

18. Defendants, who are officers of CIS and the Federal Bureau of Investigation ("FBI"), the Secretary of the Department of Homeland Security, and the Attorney General of the United States, are responsible for the naturalization process.

## JURISDICTION AND VENUE

19. This Honorable Court has federal question jurisdiction over this cause pursuant to

28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 *et seq.*, 8 U.S.C. § 1447(b) and the APA, 5 U.S.C. § 701 *et seq.*, in conjunction with the Mandamus Act, 28 USC § 1361.

20.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) the Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; and, (2) no real property is involved in this action.

## LEGAL FRAMEWORK

21.     To naturalize as a U.S. citizen, an applicant must satisfy certain eligibility criteria under the INA and its implementing regulations. See 8 U.S.C. §§ 1421-27, 1458; 8 C.F.R. §§ 316.1-316.14.28.

22.     Applicants must prove that they are "at least 18 years of age," 8 C.F.R. § 316.2(a)(1); have "resided continuously, after being lawfully admitted" in the United States "for at least five years" (or three years if married to a U.S. citizen); and have been "physically present" in the United States for "at least half of that time." 8 U.S.C. § 1427(a)(1).

23.     Applicants must also demonstrate "good moral character" for the five years preceding the date of application, "attach[ment] to the principles of the Constitution of the United States, and favorabl[e] dispos[ition] toward the good order and happiness of the United States . . . ." 8 C.F.R. § 316.2(a)(7).

24.     An applicant is presumed to possess the requisite "good moral character" for naturalization unless, during the five years preceding the date of the application, they are found (1) to be a habitual drunkard, (2) to have committed certain drug-related offenses, (3) to be a gambler whose income derives principally from gambling or has been convicted of two or more gambling offenses, (4) to have given false testimony for the purpose of obtaining immigration

5

benefits; or if the applicant (5) has been convicted and confined to a penal institution for an aggregate period of 180 days or more, (6) has been convicted of an aggravated felony, or (7) has engaged in conduct such as aiding Nazi persecution or participating in genocide, torture, or extrajudicial killings. 8 U.S.C. § 1101(f)(6).

25. An applicant is barred from naturalizing for national security-related reasons in circumstances limited to those codified in 8 U.S.C. § 1424, including, inter alia, if the applicant has advocated, is affiliated with any organization that advocates, or writes or distributes information that advocates "the overthrow by force or violence or other unconstitutional means of the Government of the United States," the "duty, necessity, or propriety of the unlawful assaulting or killing of any officer . . . of the Government of the United States," or "the unlawful damage, injury, or destruction of property."

26. Once an individual submits an application, USCIS conducts a background investigation, see 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1, which includes a full FBI criminal background check, see 8 C.F.R. § 335.2.

27. After completing the background investigation, USCIS schedules a naturalization examination at which the applicant meets with a USCIS examiner for an interview.

28. In order to avoid inordinate processing delays and backlogs, Congress has stated "that the processing of an immigration benefit application," which includes naturalization, "should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

29. If the applicant has complied with all requirements for naturalization, federal regulations state that USCIS "**shall** grant the application." 8 C.F.R. § 335.3(a) (emphasis added).

30. Courts have long recognized that "Congress is given power by the Constitution to

establish a uniform Rule of Naturalization. . . . And when it establishes such uniform rule, those who come within its provisions are entitled to the benefit thereof as a matter of right. . . ." *Schwab v. Coleman*, 145 F.2d 672, 676 (4th Cir. 1944) (emphasis added); *see also Marcantonio v. United States*, 185 F.2d 934, 937 (4th Cir. 1950) ("The opportunity having been conferred by the Naturalization Act, there is a statutory right in the alien to submit his petition and evidence to a court, to have that tribunal pass upon them, and, if the requisite facts are established, to receive the certificate." (quoting *Tutun v. United States*, 270 U.S. 568, 578 (1926))).

31. Once an application is granted, the applicant is scheduled to be sworn in as a U.S. citizen.

## COUNT I
## ADMINISTRATIVE PROCEDURE ACT
## VIOLATIONS

32. Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

33. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

34. The actions and omissions of Defendants in failing to adjudicate Plaintiff's

application for naturalization within 180 days of the date of submission because of pending FBI name checks, in violation of 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b) 8 U.S.C. § 1571(b), and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 2 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

35. Defendants have a duty under 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b), 8 U.S.C. § 1571(b), and 8 C.F.R. § 335 to finally adjudicate Plaintiff's naturalization application within the deadlines imposed by statute and regulations.

36. Defendants' unlawful conduct in failing to do so has resulted in, inter alia, unreasonable delays in and unlawful withholding of the adjudication of Plaintiff's naturalization application. As a result of Defendant's actions in utter indifference to statutory deadlines, Plaintiff has suffered and continues to suffer injury. Declaratory and injunctive relief is therefore warranted.

## COUNT II
## VIOLATION OF 8 U.S.C. § 1447(b)

37. Plaintiff incorporates the allegations of the preceding paragraphs as if fully set forth herein.

38. Defendants have failed to finally adjudicate the Plaintiff's application for naturalization within 120 days of the date of their naturalization examinations, in violation of 8 U.S.C. § 1447(b).

39. Pursuant to 8 U.S.C. § 1447(b), this Court should exercise its authority to grant the Plaintiff's naturalization application, or to remand to CIS with appropriate instructions to finally adjudicate the application thereafter within a reasonable time period, as set forth in the prayer below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gibril Kargbo respectfully requests that the Court grant the following relief:

1. Enjoin Defendants and order them to: (1) take all necessary steps to complete the FBI name checks of Plaintiff within 30 days and finally adjudicate Plaintiff's N-400 Application within 30 days;

2. Award Plaintiff reasonable attorneys' fees and costs under the Equal Access to Justice Act; and

3. Grant any other relief that this Court may deem fit and proper.

RESPECTFULLY SUBMITTED

This 11th day of June, 2019

*/s/ James O. Hacking, III*
James O. Hacking, III, MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Rd.
Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

ATTORNEYS FOR PLAINTIFF